# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| STEPHANIE CAMPEAU, | |
| Plaintiff, | |
| v. | 1:13-cv-03682-WSD |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on the United States of America's ("Defendant") Motion to Dismiss the Complaint for lack of jurisdiction [14], and Stephanie Campeau's ("Plaintiff") Motion for Oral Argument [17].

## I.   BACKGROUND

### A.   Facts

On August 7, 2010, Brian R. Campeau died at the Atlanta Department of Veterans Affairs Medical Center ("VA Medical Center") as a result of complications from electroconvulsive treatment ("ECT").  On July 2, 2012, lawyers for Brian R. Campeau's mother, Maryellen C. Campeau ("Administrator"), filed an administrative claim form ("the Form") on her behalf as the "Administrator of the Estate of Brian R. Campeau."  The Form described the

time, place, and manner of Brian R. Campeau's death at the VA Medical Center in a comprehensive manner, and stated in a section entitled "personal injury/wrongful death" that negligence by the VA caused Brian Campeau's death.  Maryellen C. Campeau, as the mother of the decedent and the Administrator of his estate, and Stephanie L. Campeau, as the widow of Brian R. Campeau, were listed as witnesses in connection with the claim described on the Form.  The section entitled "Amount of Claim" stated $5 million as the amount claimed for personal injury, "N/A" was written underneath the wrongful death section, and the total amount of the claim was stated as $5 million.  Brewster R. Rawls signed the SF-95 Form, as "attorney for [the] claimant."  Attached to the Form were attested authorizations of legal representation signed by the Administrator and Stephanie Campeau, an Order from the Probate Court of Fulton County appointing the Administrator of Brian R. Campeau's estate, and a letter from the attorney for the Administrator and Stephanie Campeau to the Office of Region Counsel at the Department of Veterans Affairs ("VA") requesting confirmation of the employment status of certain health care providers at the VA Medical Center.

On December 10, 2012, the Administrator's attorney submitted an Amended

SF-95 Form ("the Amended Form")[1] that was identical in all respects to the Form, except that the $5 million amount claimed on the Amended Form was listed under the section entitled "wrongful death," and the space for personal injury damages was left blank.

On April 15, 2013, the VA denied the Administrator's personal injury claim on the merits, stating that its investigation "did not find any negligent or wrongful act or omission on the part of a [VA] employee acting within the scope of his or her employment that caused personal injury to, or resulted in the death of Brian Campeau, at [the VA Medical Center] following elective ECT treatment."  See Ex. D., attached to Pl.'s Response in Opp. to Mot. to Dismiss at 2.

---

[1] 38 C.F.R. § 14.604 provides that a claim presented to a federal agency that provides written notification of the incident and a claim for damages, in a sum certain, "may be amended by the claimant at any time prior to final [VA] action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a)."  It further provides that "upon the timely filing of an amendment to a pending claim, the [VA] shall have 6 months in which to make a final disposition of the claim as amended and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of amendment."  Section 2675(a) provides that a wrongful death or personal injury lawsuit cannot be brought against the United States unless the claim was first presented to the appropriate federal agency, and the claim was finally denied by the agency in writing and sent by certified or registered mail or the agency failed to make a final disposition of a claim within six months after it was filed thereby allowing the claimant to file suit in federal court.

In the April 15, 2013 letter, the VA also denied the wrongful death claims asserted by the Administrator in the Form and Amended Form stating:

> It is also our determination that "Maryellen C. Campeau, as Administrator of the Estate of Brian R. Campeau" is not a proper party claimant to file a wrongful death claim under Georgia law, and therefore, to the extent that the claim dated July 2, 2012 attempted to assert a wrongful death claim (noting that the claim form indicated "Wrongful Death N/A") or the later received claim dated December 10, 2012 asserted a wrongful death claim, denial is also made on the grounds that same were filed by an individual who is not a proper party claimant. Additionally, the wrongful death claim dated December 10, 2012, and received by VA on December 13, 2012, is denied as untimely, and barred by the two year statute of limitations applicable to FTCA claims.

On April 23, 2013, Plaintiff's attorney wrote a letter to the VA, and enclosed a second amended SF-95 Form ("the Second Amended Form"). The letter stated that since the VA did not address the merits of Stephanie Campeau's wrongful death claim, in her capacity as Brian R. Campeau's spouse, "our understanding is there has been no final disposition as to [her] claim as there has not been any final agency action regarding that claim and we have not exercised our option to file suit pursuant to 28 U.S.C. § 2675(a). For this reason, the claim remains pending and amendable." The Second Amended Form was identical to the Amended Form, except that Stephanie Campeau was listed as the claimant.

On May 17, 2013, the VA acknowledged receipt of the Plaintiff's Second Amended Form, and concluded to treat it as a "new claim." On May 22, 2013,

Plaintiff's attorney sent another letter to the VA disputing the VA's characterization of the Second Amended Form as "new," and stating that the April 23, 2013 submission, should be treated as an amendment to the Form filed on behalf of the Administrator on July 2, 2012.

   B.    Procedural History

   On November 7, 2013, Plaintiff and the Administrator filed a two (2) count Complaint against the Defendant.  In it, they alleged that Brian R. Campeau's death was proximately caused by the negligent medical care provided to him at the VA Medical Center.  In Count I of the Complaint, the Administrator asserted a survival action on behalf of the estate seeking $1 million in compensation for (i) the extreme pain and suffering suffered by Brian R. Campeau prior to his death, (ii) funeral and burial expenses, and (iii) any other damages caused by the Defendant's alleged negligence.  In Count II of the Complaint, Stephanie Campeau asserted a wrongful death claim seeking $4 million in compensation for the "full value" of Brian R. Campeau's life, including pecuniary and intangible losses that proximately resulted from his death, and were caused by the Defendant's alleged negligence.

   On January 1, 2014, Defendant moved to dismiss the Complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil

Procedure.  Defendant argues that Plaintiff and the Administrator failed to comply with the jurisdictional time limits prescribed by 28 U.S.C. § 2401(b).  Defendant specifically argues that the Administrator's personal injury claim was untimely because the VA denied the personal injury claim on April 15, 2013, and the Administrator failed to file suit, within six months,[2] after the claim was denied on the merits.  Section 2401(b) provides that a tort claim against the United States "shall be forever barred" unless the claimant files suit within six months after the date of final agency denial.  On January 27, 2014, the Administrator voluntarily dismissed her claim in this matter, and on January 28, 2014, the clerk terminated the Administrator as a party in this case.[3]

Defendant also argues that Plaintiff's wrongful death action should be dismissed as untimely because she did not submit her claim to the VA within two years after the claim accrued.  Defendant claims that the action was required, by Section 2401(b), to be presented to the VA by August 7, 2012.

On January 27, 2014, Plaintiff replied to the Defendant's Motion to Dismiss,

---

[2] The filing deadline, according to Defendant, was October 15, 2013.

[3] The Defendant's Motion to Dismiss the Administrator's claim is **DENIED AS MOOT** because she is no longer a party to this action.

arguing that the Form filed on behalf of the Administrator on July 2, 2012, was timely, and preserved both the Administrator's personal injury claim asserted on behalf of the estate, and the Plaintiff's wrongful death action as the surviving spouse of Brian R. Campeau.  Also on January 27, 2014, Plaintiff filed her Motion for Oral Argument on the Defendant's Motion to Dismiss, asserting that Defendant's Motion raises disputed factual issues regarding the Court's jurisdiction.  On February 14, 2014, the Defendant filed its reply in support of its Motion to Dismiss, and opposed the Plaintiff's Motion for Oral Argument.  On February 28, 2014, Plaintiff filed her reply in support of her Motion for Oral Argument.

## II.    DISCUSSION

### A.    Legal Standard

A federal court must dismiss a case if it determines that it lacks subject matter jurisdiction.  Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).  When considering a motion to dismiss for failure to allege federal subject-matter jurisdiction, the Court construes the Complaint in the light most favorable to the Plaintiff and accepts as true the facts alleged in the Complaint.  See World Holdings, LLC v. Fed. Republic of Germany, 613 F.3d 1310, 1312 n.1 (11th Cir. 2010).  For fact-based attacks on subject-matter

jurisdiction, facts outside the pleadings may be considered and the allegations in the complaint are not required to be taken as true.  See Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel, 657 F.3d 1159, 1169-70 (11th Cir. 2011).  Here, the Defendant's Motion to Dismiss is a factual attack on the Court's jurisdiction because it relies on extrinsic evidence.  Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).  The Motion is properly brought under Rule 12(b)(1) because it can be decided by the Court without reference to the merits of Plaintiff's wrongful death claim.  Id. at 925.

Sovereign immunity shields the federal government from claims asserted against it, and, in the absence of a waiver of the government's sovereign immunity, federal courts lack subject matter jurisdiction over claims asserted against the federal government.  See FDIC v. Meyer, 510 U.S. 471, 475 (1994).  A plaintiff has the burden of demonstrating that the federal government has waived its sovereign immunity regarding claims asserted against the government.

"The FTCA is a specific, congressional exception to the United States' sovereign immunity for tort claims, under which the government may be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government." Turner ex rel. Turner v. U.S., 514 F.3d 1194, 1200 (11th Cir. 2008) (internal citations and quotation marks omitted).  This

8

waiver "must be scrupulously observed, and not expanded, by the courts." <u>Id.</u>
Under 28 U.S.C. § 2675(a), federal courts have jurisdiction over suits against the
United States only if the plaintiff "first files an administrative claim with the
appropriate agency . . . within two years from the time the claim accrues . . .
accompanied by a claim for money damages in a sum certain." <u>Id.</u>  A plaintiff may
bring a lawsuit in federal court against the appropriate agency "once the claim has
been denied or six months after the claim has been filed [if a decision on the claim
is not made by the appropriate agency] . . . " <u>Free v. United States</u>, 885 F.2d 840,
842 (11th Cir. 1989).

     The claim filing requirement of Section 2675(a) is satisfied if the plaintiff
"(1) gave the appropriate agency written notice of the tort claim to enable the
agency to investigate; and (2) stated a sum certain as to the value of the claim."
<u>Orlando Helicopter Airways v. U.S.</u>, 75 F.3d 622, 625 (11th Cir. 1996) (quoting
<u>Free</u>, 885 F.2d at 842).  The FTCA requires "*each* claim and *each* claimant [to]
meet the prerequisites for maintaining a suit against the government." <u>Turner</u>, 514
F.3d at 1201 (internal citations and quotation marks omitted) (emphasis in
original).  In cases that involve more than one claimant, "each claimant must
individually satisfy the jurisdictional prerequisite of filing a proper claim." <u>Id.</u>
These statutory requirements are a prerequisite to the exercise of this Court's

jurisdiction and cannot be waived.  See U.S. v. Kubrick, 444 U.S. 111, 117-118

(1979); Dalrymple v. U.S., 460 F.3d 1318 (11th Cir. 2006).

     B.    Analysis

     The requirement to file an administrative claim against the VA for

negligence resulting in wrongful death, as a prerequisite to filing a lawsuit for such

injury, was addressed by the Eleventh Circuit in Brown v. United States, 838 F.2d

1157 (11th Cir. 1988).  The reasoning in Brown is instructive here.  In that case,

Brown had been treated in two VA facilities in Miami.  Id. at 1158.  He claimed

that doctors at both facilities were negligent and as a result he suffered personal

injury.  Id.  Brown filed his administrative claim under the FTCA and thus

exhausted his administrative remedies as required by Section 2675(a), and later

filed, in federal district court, his lawsuit against the VA facilities.  Id. at 1158-59.

Brown died while the litigation was pending, and his attorney moved to substitute

his duly appointed personal representative as plaintiff in the action, and to amend

the complaint to assert an action for wrongful death under the Florida wrongful

death statute.  Id.

     The Government opposed the motion, contending that Brown's personal

representative failed to satisfy the jurisdictional requirements of Section 2675(a).

Id. at 1158.  The Eleventh Circuit disagreed that a new administrative claim was

required to be presented by the personal representative of Brown's estate.  Id. at

1161.  The Eleventh Circuit first considered the purpose of the administrative

claim requirement stating: "the FTCA's filing requirement is satisfied if the

claimant (1) gives the agency written notice of his or her claim sufficient to enable

the agency to investigate and (2) places a value on his or her claim."  Id. at 1160

(citing Adams v. United States, 615 F.2d 284, 289 (5th Cir. 1980)).  The Eleventh

Circuit discussed the reasons for the requirement noting:

> The congressional purposes of the administrative claim procedure are
> to ease court congestion and avoid unnecessary litigation, while
> making it possible for the Government to expedite the fair settlement
> of tort claims asserted against the United States . . . By requiring this
> notice, Congress sought to ensure that the agency is apprised of the
> circumstances underlying the claim, so that the agency may conduct
> an investigation and respond to the claimant by settlement or by
> defense.

Id. (internal citations and quotation marks omitted).  The Eleventh Circuit went on

to say that the "notice requirement does not require a claimant to enumerate each

theory of liability in the claim," and that a "claim" is not synonymous with a "legal

cause of action."  Id. at 1161.  The Court then held that the "claim filed by Charlie

Brown provided the VA with the facts necessary to conduct a full investigation of

the underlying circumstances," and that "requiring the [representative] to exhaust

the administrative claim procedure again would serve no useful purpose.  It is

unlikely that the agency would conduct a second investigation or otherwise act any

differently." Id.  Because the original negligence action filed by Charlie Brown

and the wrongful death action filed by his representative were "based on the same

injury in fact," the Eleventh Circuit held that the district court properly exercised

subject matter jurisdiction in the case.  Id; see also Combs v. United States, No. 2:

04-CV-306, 2008 WL 2278661, at *6 (E.D. Tenn. May 30, 2008);  Robbins v.

United States, No. CIV03-1224PCT-JAT, 2006 WL 359948, at *8 (D. Ariz. Feb.

14, 2006).

    The holding and reasoning in Brown apply here.  The Form submitted to the

VA on July 2, 2012, satisfies all of the statutory prerequisites of Section 2675(a).

The Form specifically asserted the claim that Brian R. Campeau suffered personal

injury and ultimately death as a result of the negligence of doctors at the VA

Medical Center.  The claim was asserted in the specific amount of $5 million.  This

was precisely the same claim and the same amount that was described in the

Amended and the Second Amended Forms.  That is, this is not a case where a new,

different or independent claim was asserted by Stephanie Campeau or any other

person.  This case simply involves the Plaintiff serving as a successor

representative of the claims asserted on behalf of Brian R. Campeau.

    In Brown, the Eleventh Circuit held that even though a state law cause of

action for wrongful death is distinct from a personal injury claim, "liability of a

defendant in a wrongful death action is based on the negligent or wrongful act which injured the decedent." Brown, 838 F.2d at 1161 (citations omitted). As a result, a personal representative of the decedent is not required to fill out a new SF-95 Form because "while a different legal injury is suffered, both actions are based on the same injury in fact." Id. Only if a new injury was alleged is a claimant required to submit a new SF-95 Form. Id. at 1161 n.9. A new and different claim is not asserted by Stephanie Campeau.[4]

The Form amply described the time, place, and manner of Brian Campeau's death at the VA Medical Center in a comprehensive manner, and stated in a section entitled "personal injury/wrongful death" that VA negligence caused Brian

---

[4] The Court concludes in its decision in this case that Brown does not conflict with the Eleventh Circuit's decision in Turner. The Eleventh Circuit held in Turner that the failure to state the name of the claimants on the SF-95 form, and to specify the individual amount of their claims on the form, precluded subject matter jurisdiction. Turner, however, is a different case than this one because in Turner, the plaintiffs alleged a new injury of which the federal agency did not have notice, and thus the agency could not adequately investigate the nature of the new claim. Turner, 514 F.3d at 1201. To the extent that there is a conflict between the panel decisions in Turner and Brown, and the Court concludes that there is not, Brown is controlling based on the "earliest case" rule, which "mean[s] [that] when circuit authority is in conflict, [the court] should look to the line of authority containing the earliest case, because a decision by a prior panel cannot be overturned by a later panel." Morrison v. Amway Corp., 323 F.3d 920, 929 (11th Cir. 2003). In short, the Court concludes that Turner concerned a case where new and different claims were asserted after the required filing deadlines, thus interfering with the agency's ability to investigate and seek resolution of the claims ultimately asserted.

Campeau's death.  That form contained all the information that the VA needed to be on notice of the potential theories of liability, and the facts upon which liability could be asserted by a potential claimant, including Stephanie Campeau as her husband's representative.  The Form adequately put the VA on notice of the claim of alleged medical malpractice at the VA Medical Center that proximately caused Brian R. Campeau's death.  Specifically, the Form stated that Brian R. Campeau had died as a result of complications from ECT while he was under the care of Defendant's agents and employees as a result of their negligence.  This claim is cognizable under Georgia law, which recognizes wrongful death actions that emanate from medical malpractice, and allows surviving decedents to bring wrongful death claims based on the provision of negligent medical care.  Clark v. Singer, 298 S.E.2d 484, 486 (Ga. 1983).

On April 15, 2013, the VA denied the medical malpractice claim alleged in the original and Amended Form on the merits, and concluded that its investigation "did not find any negligent or wrongful act or omission on the part of a [VA] employee acting within the scope of his or her employment that caused personal injury to, or resulted in the death of Brian Campeau, at the [VA Medical Center] following elective ECT treatment."  See Ex. D., attached to Pl.'s Response in Opp. to Mot. to Dismiss at 2.  This finding confirms that the VA had all of the

14

information required to investigate the claim, actually investigated the claim, and denied it.  It was upon this investigation that the VA denied that any of the Defendant's agents or employees had committed medical malpractice.  See Robbins v. United States, 2006 WL 359948, at *8 (applying Brown to allow the beneficiaries to assert a wrongful death claim by relying on an administrative claim form filed by the decedent, and noting that denial of the pending administrative claim on the merits will moot "any lingering concern regarding this Court's jurisdiction.").

The Form and the amendments to it stated a "sum certain" in the amount of $5 million.  The same $5 million amount was alleged in the Plaintiff's Complaint, although Plaintiff now seeks only wrongful death damages in the amount of $4 million, since the Administrator has voluntary dismissed the estate's $1 million claim for the decedent's pain and suffering, mental anguish, funeral and burial expenses and other nonmonetary damages.  The $4 million amount claimed by Plaintiff for Brian R. Campeau's alleged wrongful death is thus less than the amount in the claim forms, and the Complaint originally filed in this Court.  The reduction of the claimed amount stated in the "wrongful death" section of the Form did not prejudice—and, in fact, benefitted—the Defendant, and Defendant cannot assert that this reduction of the claimed amount precludes the conclusion that a

proper claim was filed.  See Combs v. United States, at *6 (applying Brown to

allow the spouse and children of the decedent to bring a wrongful death action

based on an exhausted personal injury claim filed by the decedent, and concluding

that the agency was prejudiced in no way because the beneficiaries sought

damages "in an amount no greater than the amount originally sought on her

administrative claim.").

For all of the reasons discussed above, the Court concludes that the Form

"(1) gave the [VA] written notice of [Plaintiff's wrongful death claim] to enable

the agency to investigate; and (2) stated a sum certain as to the value of the

[wrongful death claim]."  Orlando Helicopter Airways, 75 F.3d at 625 (11th Cir.

1996) (quoting Free, 885 F.2d at 842).[5]

The Form was amended on December 10, 2010, to assert the claim by the

Administrator as one for wrongful death.  On April 15, 2013, the VA denied the

claim on the merits, finding that the medical staff at the VA medical center was not

---

[5] The Court notes that footnote 9 of the Eleventh Circuit's Opinion in Brown does
not apply to this matter because Plaintiff seeks damages only for the "full value" of
Brian R. Campeau's death, and Plaintiff has not asserted any derivative claims
arising from his death dependent on a different injury such as loss of consortium or
emotional distress.  See Combs v. United States, 2008 WL 2278661, at *5-6
(dismissing the loss of consortium claim for failure to exhaust administrative
remedies, but denying the government's motion to dismiss the wrongful death
claim asserted by the decedent's surviving spouse and children).  See also Kruger
v. United States, 686 F. Supp. 2d 1333, 1337 (N.D. Ga. 2010).

negligent, and was not the proximate cause of Brian R. Campeau's death.  It also

denied the wrongful death claim on the grounds that the Administrator was not a

proper party to assert the claim under Georgia law, and that the December 10,

2012, Amended claim was untimely filed.  On April 23, 2013, Stephanie Campeau

was substituted as the party asserting the claim as Brian R. Campeau's

representative, an action the VA stated on May 15, 2013, caused the original claim

to be deemed a new claim outside the limitations period, and upon which the VA

now claims that the Complaint filed on November 7, 2013, was untimely.

The Court rejects the VA's hyper technical interpretation.  See Brown, 838

F.2d at 116-61.  The Form, the Amended Form, and the Second Amended Form all

assert the same claim.  They do not add new claims, new legal theories, new facts

or new parties.  The Court necessarily finds that the Complaint which was filed

after six months of the VA's decision to deem the Second Amended Form filed on

April 23, 2013, to be a new claim, was timely filed and over which the Court has

subject matter jurisdiction. [6]

The VA here was aware of the medical malpractice claim asserted in this

---

[6] "The failure of an agency to make final disposition of a claim within six months after it is filed shall, *at the option* of the claimant *any time thereafter*, be deemed a final denial of the claim for purposes of . . . section [Section 2675(a)]."  Burchfield v. United States, 168 F.3d 1252, 1254 (11th Cir. 1999) (emphasis added).

action, the facts supporting the claim, and the total amount for the claim since July 2, 2012.  The FTCA statutory prerequisites for filing a complaint in federal court were met and this case should now proceed to be litigated.

The Defendant's Motion to Dismiss the Complaint for lack of subject matter jurisdiction is required to be denied.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss the Complaint for lack of subject matter jurisdiction is **DENIED** [14].

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Oral Argument on the Motion to Dismiss is **DENIED AS MOOT** [17].


**SO ORDERED** this 21st day of July, 2014.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

18